# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| GREGORY PAUL BADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:14-cv-190 |
| | ) |
| D. BENNETT, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a request by *pro se* Plaintiff Gregory Paul Bady in this 42 U.S.C. § 1983 case advancing an equal protection claim under the Fourteenth Amendment, asking that this Court request an attorney to represent him. (Docket # 18.) Because Bady is competent to litigate this case himself, the motion will be DENIED.

## LEGAL STANDARD

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Olson*, 750 F.3d at 711; *Pruitt,* 503 F.3d at 658.

"In deciding whether to request counsel, district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Olson*, 750 F.3d at 711 (alteration in original) (quoting *Pruitt,* 503 F.3d at

654). The second portion of this inquiry, stated another way, is "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Olson*, 750 F.3d at 712 (quoting *Pruitt*, 503 F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*

## ANALYSIS

To begin, although Bady states that he has contacted three attorneys "in a failed effort to get them to represent him" (Docket # 18), he does not provide any specifics about these attempts that would allow the Court to assess the reasonableness of his efforts.[1] *Cnty. of McLean*, 953 F.2d at 1073 ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008); *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004).

---

[1] Of course, this is an indication that his claims may indeed have little merit and that appointing counsel will not make a difference in the ultimate outcome. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

But even if he had satisfied this threshold requirement, it is evident that Bady is competent to represent himself in this matter, at least at this stage of the proceedings. This is a fairly straightforward § 1983 action: Bady alleges that the Defendants, both police officers for the City of Marion, Indiana, deprived him of equal protection by failing to promptly investigate and arrest a third party who purportedly battered him in June 2013. He alleges that the Defendants discriminated against him because of his prior encounters with the Marion Police Department. (Docket # 1, 15); *see Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Although Bady asserts that "these proceedings have gone beyond [his] legal knowledge and comprehension," the Court is not persuaded. Bady has already articulated his claims in this suit (Docket # 1); participated in a Rule 26(f) planning meeting and a Rule 16 Preliminary Pretrial Conference (Docket # 14, 15); propounded discovery to Defendants (Docket # 16), and sought relief through various motions, including a motion to proceed *in forma pauperis* and the instant motion to appoint counsel (Docket # 2, 18).

It is clear from Bady's written submissions and court appearances that he is literate and has adequate communication skills, at least for purposes of representing himself. *Cf. Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education). Indeed, Bady's

submissions to the district court are better than the average *pro se* litigant's. *See Olson*, 750 F.3d at 712. Moreover, the task of any discovery is apt to be quite limited and certainly not insurmountable. And Bady is not incarcerated, and thus, is free to perform his own research.

Considering the foregoing, Bady appears competent to adequately handle the litigation of this § 1983 equal protection case at this stage of the proceedings. In the event his claims survive the anticipated dispositive motion, the Court will reconsider his request for counsel. *See Mungiovi v. Chicago Housing Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("The court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing."). Consequently, Bady's motion asking that the Court request counsel for him will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Appointment of Counsel (Docket # 18) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on his own.

Enter for this 24th day of December 2014.

S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge